Leonard J. McDonald, Jr. (LJM@tblaw.com)
State Bar No. 014228
William M. Fischbach III (WMF@tblaw.com)
State Bar No. 019769

**TB TIFFANY & BOSCO**
P.A.

THIRD FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016B4237
TELEPHONE: (602) 255-6000
FACSIMILE:  (602) 255-0103

*Attorneys for Freedom Home Mortgage Corporation*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RACHAEL A. EARL,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM HOME MORTGAGE CORPORATION, WELLS FARGO BANK, N.A., MARK S. BOSCO, MICHAEL A. BOSCO, JR., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ARIZONA TITLE AGENCY, INC., and JOE DOE and JANE DOE, one up,<br><br>Defendants. | No. CV-10-0678-PHX-ROS<br><br>**MOTION TO DISMISS DEFENDANT FREEDOM HOME MORTGAGE CORPORATION**<br><br>(Assigned to the Honorable Roslyn O. Silver)<br><br>**(Oral Argument Requested)** |

Defendant Freedom Home Mortgage Corporation, by and through undersigned counsel, respectfully moves this Court to dismiss it from this case pursuant to Federal Rule of Civil Procedure 12(b)(6).  This Motion is supported by the attached Memorandum of Points and Authorities.

//

//

//

//

Motion to Dismiss - 430240

-1-

RESPECTFULLY SUBMITTED this 26th Day of April, 2010.

**TB TIFFANY & BOSCO**
P.A.

By: /s/ William M. Fischbach III
Leonard J. McDonald, Jr.
William M. Fischbach III
Third Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
***Attorneys for Freedom Home Mortgage Corporation***

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   PLAINTIFF HAS FAILED TO ARTICULATE A SINGLE CLAIM FOR RELIEF AGAINST DEFENDANT FREEDOM HOME MORTGAGE CORPORATION.**

**A.   Background**

On April 12, 2007, Plaintiff borrowed $500,000.00 from Defendant Freedom Home Mortgage Corporation ("FHMC") to purchase the single-family residence located at 1311 South Claiborne Avenue in Gilbert, Arizona ("the Property"). Plaintiff executed a Promissory Note ("the Note") in exchange for the loan. (Doc. # 9-1, Exhibit A).[1] The loan was secured by a Deed of Trust, duly recorded with the Maricopa County Recorder

---

[1] For purposes of judicial economy, FHMC hereby incorporates all Exhibits to the Motion to Dismiss filed by Defendant Wells Fargo, N.A. on April 8, 2010. (Doc. ## 9, 9-1, Exhibits A-F). Although not physically attached to the Complaint, the Promissory Note (Exhibit A) is referenced in and central to the Complaint, and Plaintiff does not contest the authenticity of the document in her Complaint. (Doc. # 9-1, Exhibit A). Additionally, Exhibits B through F to the Motion to Dismiss filed by Defendant Wells Fargo, N.A. are certified copies of documents recorded with the Maricopa County Recorder which this Court may take judicial notice of. (Doc. # 9-1, Exhibits B-F). Accordingly, this Court may consider Exhibits A through F to the Motion to Dismiss filed by Defendant Wells Fargo, N.A. without converting FHMC's Motion to Dismiss into one for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Motion to Dismiss - 430240

-2-

on April 17, 2007 as document number 2007-0446763.  (Doc # 9-1, Exhibit B).  The Deed of Trust identified Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary under the Deed of Trust, but solely as Nominee for FHMC and its successors and assigns.  *Id.* at pg. 1, ¶ (E).

By signing the Deed of Trust, Plaintiff consented to the lender's power of sale in the event of her default.  (Doc. # 9-1, Exhibit B at § 22).  Plaintiff also agreed that "the Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower."  *Id.* at § 20 (parenthetical in original).

Plaintiff subsequently defaulted on her loan and a nonjudicial foreclosure ensued. On January 15, 2009, MERS, as nominee for FHMC, assigned FHMC's interest in the Note and Deed of Trust to U.S. Bank National Association, as Trustee for GSAA 2007-9 ("U.S. Bank").[2]  (Doc. # 9-1, Exhibit C).  That same day, U.S. Bank appointed attorney Michael A. Bosco, Jr. as Successor Trustee.  (Doc. # 9-1, Exhibit D).  Michael A. Bosco, Jr. issued a Notice of Trustee's Sale on January 15, 2009.  (Doc. # 9-1, Exhibit E).  The Trustee's Sale eventually occurred nearly one year later, on January 14, 2010.   (Doc. # 9-1, Exhibit F).  Because the Property received no bids at auction, the Property reverted back to U.S. Bank.  *Id.*

**B.     Applicable law.**

"The purpose of [Rule 12(b)(6)] is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity."  *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).

---

[2] Although executed on January 15, 2009, the assignment was effective as of December 8, 2008.  (Doc. # 9-1, Exhibit C).

Motion to Dismiss - 430240

-3-

This Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," nor is it required to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (internal citations omitted). To survive a motion to dismiss, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007).

> Two working principles underlie *Twombly*. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Second, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940-41 (2009) (internal quotations and citations omitted).

**C.  Plaintiff's Complaint Fails To Specify Which Acts, If Any, FHMC Committed To Give Rise To Plaintiff's Claims.**

Plaintiff has sued five named Defendants: FHMC, Mark S. Bosco, Michael A. Bosco, Jr., MERS, and Arizona Title Agency. (Complaint at ¶¶ 2-6). Her Complaint also names fictitious Defendants "John and Jane Doe". *Id.* At ¶ 7. Plaintiff claims she has been "subject[ed] to the misleading and deceptive acts as committed against her by both defendants known and unknown." *Id.* at ¶ 1. Plaintiff's Complaint also alleges that "the factual background as provided herein remains incomplete, as to succinctly and concisely ascertain the exact roles of the defendants known, and yet to be known." *Id.* at ¶ 9).

Plaintiff attempts to distill her Complaint into six causes of actions: "Due Process", *id.* at ¶¶ 46-56, "Power of Sale/Cognovit Notes", *id.* at ¶¶ 57-91, "Unconscionability and Adhesion Contracts", *id.* at ¶¶ 92-128, "MERS", *id.* at ¶¶ 129-145, "Arizona Rules", *id.* at ¶¶ 146-164, "State Law Governs Validity of Contract", *id.* at 165-181.

With the exception of Plaintiff's "MERS" cause of action, none of her claims are directed against specific defendants. Rather, Plaintiff simply makes general allegations against "defendants". Plaintiff never specifies which of the five defendants her claims refer to, or if those claims refer to the "unknown" or "yet to be known" defendants that Plaintiff believes wronged her. *Id.* at ¶¶ 1, 9. While the Complaint spans 181 paragraphs, FHMC is specifically mentioned in paragraphs $2^3$ and $47^4$ only.

Under Federal Rule of Civil Procedure 8, "actions brought against multiple defendants must clearly specify the claims with which each individual defendant is charged." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1248 (2009 ed.). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). Because Plaintiff's complaint fails to identify which acts FHMC has committed, it fails to state a claim for relief and must be dismissed. *United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 683 F.Supp. 1411,

---

[3] "Defendant, Freedom Home Mortgage Corporation ("FHMC") is, at all material times relevant hereto, reported by a certain Deed of Trust to be the original lender, and servicer. FHMC lists an address of 907 Pleasant Valley Avenue, Mt. Laurel, New Jersey 08054." (Complaint at ¶ 2) (parenthetical in original).

[4] "On or about April 12, 2007, Plaintiff executed a Deed of Trust. This Deed of Trust, named Defendant MERS as nominee for the Beneficiary, (purportedly) on behalf of the (alleged) lender, (and servicer) Defendant FHMC, and Defendant, [Arizona Title Agency] as the original Trustee." (Complaint at ¶ 47) (parentheticals in original).

Motion to Dismiss - 430240

-5-

1429 (E.D.N.Y. 1988) (dismissing Civil RICO claim because "[i]t cannot be discerned from the Amended Complaint which defendants are alleged to have aided and abetted which predicate acts or in what manner they aided and abetted the acts").

### D. FHMC Must Be Dismissed Because Plaintiff's Complaint Seeks Only Declaratory And Injunctive Relief Regarding A Property FHMC Has No Legal Interest In.

Plaintiff's prayers for relief do not include any claims for money damages. Rather, Plaintiff's Complaint seeks declaratory and injunctive relief regarding the Property. On January 15, 2009, MERS, as nominee for FHMC, assigned FHMC's interest in the Note and Deed of Trust to U.S. Bank, with an effective date of December 8, 2008. (Doc. # 9-1, Exhibit C). As of December 8, 2008, Defendant FHMC no longer had any legal interest in the Property. As such, it has no place as a defendant in this lawsuit for declaratory and injunctive relief only.

### E. Plaintiff Waived Any Objections Or Defenses To The Trustee's Sale.

Plaintiff waived any objection or defense to the Trustee's Sale under Arizona Revised Statute § 33-811(C). That statute states as follows:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p. m. Mountain standard time on the last business day before the scheduled date of the sale.

Ariz. Rev. Stat. § 33-811(C).

Plaintiff does not allege that she never received notice of the Trustee's Sale. The Complaint indicates that the Successor Trustee complied with all applicable statutory notice requirements. (Complaint at ¶¶ 11-14). Plaintiff never obtained injunctive relief prior to the January 14, 2010 Trustee's Sale. Plaintiff filed her Complaint and request for

1  injunctive relief on February 19, 1010.  This was over one month after the Trustee's Sale.
2  Accordingly, under § 33-811(C), Plaintiff waived any defenses or objections she may
3  have regarding the Trustee's Sale.

### F. Plaintiff's Claim for Alleged Due Process Violations Fails Because There Was No State Action.

In her "Due Process" cause of action, Plaintiff alleges that unspecified Defendants concealed from Plaintiff the power of sale clause in the Deed of Trust.  (Complaint at ¶¶ 49-51).  Plaintiff claims that this concealment violated her due process rights under the United States Constitution.  *Id.* at ¶¶ 51-56.

The power of the lender (or its successor) to sell the Property following default is clearly spelled out in Section 22 of the Deed of Trust:  "If the default is not cured on or before the date specified in the notice [of default], Lender at its option . . . may invoke the power of sale."  (Doc. # 9-1, Exhibit B, § 22.)  Plaintiff admits that she signed the Deed of Trust and that she received notice of her default.  (Complaint at ¶¶ 11, 47, 49).  "[A] party is presumed to read and understand the contract [s]he signs."  *North British & Mercantile Ins. Co. v. San Francisco Securities Corp.*, 30 Ariz. 599, 602, 249 P. 761, 762 (1926).  Plaintiff therefore "accept[ed] and agree[d] to" the lender's power of sale when she signed the Deed of Trust.  (Doc. # 9-1, Exhibit B, at pg. 13).

Further, there was no due process violation because there was no state action. "[T]he Arizona statute that authorizes trustees' sales 'does not involve the requisite nexus between the state and the trustee so as to constitute state action.  Rather, deeds of trust are essentially private contractual relationships which tie a given debt to a given parcel of property, and the remedy under them is private in nature.'"  *Kelly v. NationsBanc Mortgage Corp.*, 199 Ariz. 284, 289, 17 P.3d 790, 795 (Ct. App. 2000) (quoting *In re Nagel*, 245 B.R. 657 (D. Ariz. 1999)); *see also Kenly v. Miracle Props.*, 412 F. Supp. 1072, 1075-76 (D. Ariz. 1976)).

### G. The Deed Of Trust Is Not A "Cognovit Note".

Plaintiff alleges that the "power of sale clause, as contained within a Deed of Trust, is akin in performance to a cognovits note and/or confession of judgment." (Complaint at ¶¶ 58; *id.* at 57-91). "The cognovit is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder." *F.D.I.C. v. Aaronian*, 93 F.3d 636 (9th Cir. 1996) (quoting *D.H. Overmyer Co., Inc. of Ohio v. Frick Co.*, 405 U.S. 174, 176 (1972)).

Plaintiff's "Power of Sale/Cognovit Notes" cause of action fails because there is no "judgment" in a nonjudicial foreclosure. Further, Plaintiff was entitled to, and did, receive advance notice of her default. (Complaint at ¶ 11). Finally, at least one District Court has recently rejected the theory that a Deed of Trust containing a provision for nonjudicial foreclosure somehow constitutes a "cognovit note". *Whittle v. Wells Fargo Bank*, *N.A.*, 10-cv-00429, 2010 WL 1444532, slip op. at *2-6 (E.D. Cal., April 9, 2010).

### H. The Power Of Sale Is Not An Unconscionable Term In An Adhesion Contract Because It Is Specifically Authorized By Arizona's State Statutes.

Plaintiff next alleges that the Deed of Trust is unenforceable because its power of sale clause is an unconscionable term in an adhesion contract. (Complaint at ¶¶92-128).

> An adhesion contract is typically a standardized form "offered to consumers of goods and services on essentially a 'take it or leave it' basis without affording the consumer a realistic opportunity to bargain and under such conditions that the consumer cannot obtain the desired product or services except by acquiescing in the form contract."

*Broemmer v. Abortion Services of Phoenix, Ltd.,* 173 Ariz. 148, 150, 840 P.2d 1013, 1015 (1992) (quoting *Wheeler v. St. Joseph Hosp.*, 63 Cal.App.3d 345, 356, 133 Cal.Rptr. 775, 783 (1976)). "*[A] contract of adhesion is fully enforceable according to*

Motion to Dismiss - 430240

-8-

*its terms* unless certain other factors are present which, under established legal rules-legislative or judicial-operate to render it otherwise." *Broemmer*, 173 Ariz. at 151, 840 P.2d at 1016 (quoting *Graham v. Scissor-Tail, Inc.*, 28 Cal.3d 807, 171 Cal.Rptr. 604, 611, 623 P.2d 165, 172 (1981) (emphasis added) (internal citations omitted).

Plaintiff's Complaint fails to articulate any facts demonstrating that the Deed of Trust is either unconscionable or unenforceable. Nonjudicial foreclosure is specifically authorized by Arizona statutes. Ariz. Rev. Stat. § 33-807. The Deed of Trust is a standardized Arizona Form 3003 which hundreds of thousands of Arizona homeowners have signed. The power of a mortgagee to foreclose following default is universally recognized in every American jurisdiction. RESTATEMENT (THIRD) OF PROPERTY: MORTGAGES, § 8.2, cmt. a (1997). Unlike the Plaintiff *Broemmer*—a young, impoverished girl forced to sign a one-sided arbitration agreement in order to obtain a clinical abortion—Plaintiff could have easily purchased a less-expensive house, negotiated different terms for the Note, or simply elected to rent instead of buy. 173 Ariz. at 149-50, 840 P.2d at 1014-15.

Plaintiff gladly agreed to the terms of the Note and Deed of Trust in order to obtain the $500,000.00 to purchase the Property. Those terms are now disagreeable to her only because she defaulted on the loan and a nonjudicial foreclosure occurred.

**I.     Plaintiff's "MERS" Cause Of Action Does Not State Any Claims Against FHMC.**

Plaintiff's "MERS" cause of action is directed at Defendant MERS, and does not articulate any facts or claims regarding FHMC. Even if one reads FHMC into the "MERS" cause of action, this claim still fails. The Arizona District Court has repeatedly rejected similar claims that MERS' role as nominee for the lender somehow renders the Deed of Trust unenforceable. *See*, e.g., *Blau v. America's Servicing Co.*, 08-cv-00773, 2009 WL 3174823 slip op. at *7-8 (D. Ariz., Sept. 29, 2009); *Cervantes v. Countrywide*

*Home Loans, Inc.*, 09-cv-00517, 2009 WL 3157160, slip op. at *10 (D. Ariz., September 24, 2009).

### J. Plaintiff's "Arizona Rules" Cause Of Action Fails Because The Foreclosure Was Nonjudicial, And No Party Has Yet Moved For Summary Judgment.

Plaintiff's "Arizona Rules" cause of action invokes Arizona Rules of Civil Procedure 55(c), 56(e) 56(g), and 60(c). (Complaint at ¶¶ 148-164). Rules 55(c) and 60(c) contain standards for setting set aside default judgment. Ariz. R. Civ. P. 55(c), 60(c). There is no "judgment" in a nonjudicial foreclosure. Rules 56(e) and 56(g) govern affidavits used in motions for summary judgment. A nonjudicial foreclosure is not summary judgment, and no party has moved for summary judgment. Rules 55(c), 56(e) 56(g), and 60(c) have no application here.

### K. Plaintiff's "State Law Governs Validity Of Contract" Cause Of Action Fails Because Plaintiff Clearly Assented To The Terms Of The Deed Of Trust.

Plaintiff's final cause of action, which she entitles "State Law Governs Validity Of Contract", fails for the same reason her "Cognovit Note" and "Adhesion Contract" claims fail. Plaintiff once again alleges that, despite her clear assent to the terms of the Deed of Trust, she was somehow immune from its enforcement.

Plaintiff admits that she signed the Deed of Trust. (Complaint at ¶¶ 47, 49). The Deed of Trust clearly bears Plaintiff's signature. (Doc. # 9-1, Exhibit B, at pg. 13). By signing the Deed of Trust, Plaintiff "accept[ed] and agree[d] to the terms and covenants contained in the [Deed of Trust]." *Id.* Plaintiff cannot predicate her lawsuit on conclusory allegations that she was somehow cajoled or tricked into signing the Deed of Trust when it is patently clear that she assented to its terms.

Motion to Dismiss - 430240

## IV.  CONCLUSION

For the reasons set forth above, FHMC respectfully requests that this Court dismiss it from this case.

RESPECTFULLY SUBMITTED this 26th day of April, 2010.



By: /s/ William M. Fischbach III
　　　Leonard J. McDonald, Jr.
　　　William M. Fischbach III
　　　Third Floor Camelback Esplanade II
　　　2525 East Camelback Road
　　　Phoenix, Arizona 85016-4237
　　　***Attorneys for Freedom Home Mortgage Corporation***

Motion to Dismiss - 430240

## CERTIFICATE OF SERVICE

I hereby certify that on 26th day of April, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gregory J. Marshall
Domingos R. Santos, Jr.
SNELL & WILMER L.L.P.
400 East Van Buren St.
Phoenix, Arizona 85004-2202
gmarshall@swlaw.com
drsantos@swlaw.com
Attorneys for Defendant Wells Fargo Bank, N.A.

I hereby certify that on 26th day of April, 2010, I served the foregoing document by mailing a copy to the following Party who is not a registered participant of the CM/ECF System:

Rachel A. Earl
1311 S. Claiborne Ave.
Gilbert, AZ 85296
Plaintiff Pro Se

Arizona Title Agency, Inc.
4041 N. Central Ave., No. D-100
Phoenix, AZ 85012
Defendant Pro Se

By:   Paula D. Hillock